**Phoebe RUIZ–VALERA,**
**Plaintiff–Appellant,**

v.

**ASSOCIATION OF THE BAR OF**
**THE CITY OF NEW YORK,**
**Defendant–Appellee.**

No. 03–9359.

United States Court of Appeals,
Second Circuit.

Feb. 9, 2004.

Tina Velantzas–Austin, New Brunswick, NJ, for Appellant.

Howard Z. Robbins, New York, NY, for Appellee.

Present: NEWMAN, KEARSE, and POOLER, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Phoebe Ruiz–Valera asserts that the defendant, her former employer, subjected her to race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and to age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* She appeals from the order of the district court dated September 24, 2002, accepting the report and recommendation dated February 27, 2002 (Pitman, M.J.), which recommended that the defendant be granted summary judgment on all of its claims. We assume familiarity with the underlying facts, procedural history, and specification of appellate issues and hold as follows.

We review the district court's grant of a summary judgment pursuant to a *de novo* standard. *See Boule v. Hutton,* 328 F.3d 84, 90 (2d Cir.2003). The identical standard of proof governs cases under Title VII and the ADEA. *See, e.g., Bovers v. Flying Tiger Line Inc.,* 979 F.2d 291, 296 (2d Cir.1992).[1]

██ Ruiz–Valera argues that she was subjected to illegal disparate treatment because (1) the defendant denied her pro-

1. The parties disagree as to whether Ruiz–Valera's complaint was timely filed. As with the district court, however, we will assume *arguendo* that the complaint is timely and proceed to consider the merits.

motion to a position for which she was qualified, (2) she received less substantial wage increases than fellow employees and was "constructively demoted" by means of the reduction of her responsibilities, and (3) she was terminated on discriminatory grounds. With respect to the promotion, we do not find a basis to conclude that Ruiz–Valera's qualifications for the position at issue are "so superior to the credentials of the person selected for the job that no reasonable person ... could have chosen the candidate selected over" her. *Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 103 (2d Cir.2001) (internal quotation marks and citation omitted). As to the allegedly discriminatory wage increases, even if we assume *arguendo* that the claim is not time-barred, we do not find a basis to conclude that Ruiz–Valera has met her burden of demonstrating by a preponderance of the evidence that the reasons proffered by the defendant for the difference in wage increases are pretextual. Nor do we conclude that Ruiz–Valera has established that changes in her job responsibilities amount to an actionable "materially adverse change in the terms and conditions of [her] employment." *Galabya v. New York City Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir.2000) (internal quotation marks and citations omitted). Finally, Ruiz–Valera has not established the pretextual character of the defendant's assertion that her termination, which was part of the elimination of her department as a whole, was motivated by cost considerations.

Ruiz–Valera also claims that her termination was a retaliatory measure taken in response to her complaints to the defendant regarding her treatment at the hands of her superiors. The district judge dismissed this claim because Ruiz–Valera had not objected to the magistrate judge's recommendation that the claim had no merit. *See Thomas v. Arn*, 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Even if we saw any reason to disturb the district judge's conclusion, we would agree with the magistrate judge that Ruiz–Valera has not made out a *prima facie* case of retaliation because she has not established that she made any complaint asserting that she had been subject to discrimination based upon her membership in a protected class. *See Galdieri–Ambrosini v. Nat. Realty & Development Corp.*, 136 F.3d 276, 292 (2d Cir.1998).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**